ROBERT C. ZIMMERMAN, Secretary of State
You request my opinion concerning whether a foreign corporation, which has merged into itself a domestic corporation, can take credit for the fees paid by the domestic corporation for capital authorization as a credit against the fee to be paid by the foreign corporation for capital invested in this State. For reasons hereinafter set forth, it is my opinion that a foreign corporation is not entitled to such credit.
In 57 OAG 184 (1968), the then Attorney General advised you that previous fee payments made by a foreign corporation on its capital employed in Wisconsin could be credited to another foreign corporation into which it merged under sec. 180.87 (1) (j), Stats. After reviewing the legislative history of this subsection, the Attorney General found it significant that under the latest revision of that statute the filing corporation [corporation], in computing its credit, was not limited to the amount of capital on which it had previously paid a fee, but instead the filing corporation could include any capital on which a fee had previously been paid. Thus, the clear import of this language was that the filing corporation could include all of its capital upon which fees had previously been paid without regard to who actually paid such fees.
However a substantially different set of circumstances constitutes the basis for your present request. Rather than dealing with the merger of two foreign corporations, you are confronted with the problem of permitting a qualified foreign corporation, which merged into itself a domestic Wisconsin corporation, to take credit on its annual report filing fee for the fees paid on authorized capital by the domestic corporation. *Page 496 
Fees paid by domestic corporations and those paid by foreign corporations are based upon entirely different concepts. Domestic corporations pay fees based upon the total authorized capital, with such fees being paid at the time the articles of incorporation are filed and at the time of any subsequent amendment to the articles which increases the authorized capital. Sec. 180.87 (1) (a) and (b), Stats. Pursuant to these same subsections, domestic corporations pay their fees at the rate of one dollar per thousand, or part thereof, of authorized par value capital stock, and two cents per shale for all authorized shares of no par value stock.
The handling of fees for foreign corporations is substantially different. First, foreign corporations pay a fee at the time of qualification with such fee being based upon the percentage of capital invested in the State of Wisconsin. Sec. 180.87 (1) (i), Stats. Each year at the time of filing of its annual report, a foreign corporation pays an additional fee if there has been an increase in the amount of capital so invested in this state. Sec. 180.87 (1) (j). Second, unlike that of domestic corporations, a foreign corporation's fee is based upon the capital paid in for par value stock which includes paid-in capital in excess of par value applicable to the issued shares of par value stock. The basis for valuation of no par value stock issued by a foreign corporation is the amount by which the entire property of the corporation exceeds its liabilities, but not less than ten dollars per share. The basis for these computations is set forth under sec. 180.813, Stats., especially under subsections (1) (j) and (k). This section is keyed into sec. 180.87 (1) (i), (j) and (k).
When two foreign corporations merge or when two domestic corporations merge, it is easy to justify a credit as explained in 57 OAG 184. The credit is being taken for the same type of fee which was arrived at by using an identical method of valuation. As described above, however, the merger of a foreign corporation and a domestic corporation has obviously different ramifications relative to any possible credit to be taken for filing fees.
When two domestic corporations merge, the legislature expressly has provided for a credit under sec. 180.87 (1) (c), *Page 497 
Stats. In fact, the conclusion contained in 57 OAG 184 was reached in large part because a contrary conclusion would have resulted in uneven treatment of merging corporations if a similar credit was not granted to foreign corporations. At the present time, there is no provision for a credit under the circumstances which you have described. Moreover, because of the greatly different concepts upon which such fees are paid, I do not consider that the failure to give a credit to a foreign corporation, which merges into itself a domestic corporation, results in uneven treatment.
My conclusion is further buttressed by the fact that your office apparently has administered sec. 180.87, Stats., consistent with the reasoning and conclusion in this opinion. Practical construction and interpretation of the law by any agency charged with the duty of applying such law is entitled to great weight and is often decisive. Mednis v.Industrial Comm. (1965), 27 Wis.2d 439, 440, 134 N.W.2d 416.
RWW:DPJ